**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Erica Peak, <br> individually and on behalf of all others similarly situated, <br> Plaintiff, <br><br> -v.- <br> Southwest Credit Systems, L.P., <br><br> Defendants. | **Index No.:** <br><br> **CLASS ACTION COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Erica Peak brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendant Southwest Credit Systems, L.P., ("Southwest"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the FDCPA gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Delaware consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Delaware, County of New Castle.

8. Southwest is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Southwest has a service address at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

10. Upon information and belief, Southwest is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Delaware;

    b. to whom Defendant Southwest sent a collection letter;

    c. attempting to collect a consumer debt;

    d. in three sub-classes where the letter:

        i. is undated; or

        ii. states "as of , you owed" or "between   and today"; or

        iii. states "Call or write to us by , to dispute all or part of the debt"; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form of Exhibit A hereto, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Plaintiff allegedly incurred an obligation to non-party Comcast.

22. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically personal utilities.

23. The alleged Comcast obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Comcast is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to the letter described below, Comcast placed the alleged debt with Defendant Southwest for collection.

26. Defendant Southwest collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – Collection Letter*

27. Defendant Southwest sent Plaintiff a collection letter regarding the alleged Comcast debt. A copy of this letter is attached as Exhibit A.

28. The Letter is not dated.

29. The Letter states "Call or write to us by , to dispute all or part of the debt."

30. It further states, "If you write to us by , we must stop collection".

31. The Letter also states:

| As of , you owed: | |
|---|---|
| Between  and today: | |
|     You were charged this amount in interest | + |
|     You were charged this amount in fees: | + |
|     You were paid or were credited this amount toward the debt: | - |
|     You were charged this amount of non-interest charges or were debited this amount toward the debt: | + |
| **Total amount of the debt now:** | **$905.56** |

32. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

33. There is no way to determine the date by which disputes must be made.

34. There is no way to determine the meaning of the letter in light of the cryptic, ambiguous statements and missing dates throughout the Letter.

35. The Letter is incomprehensible.

36. The Letter is harassing, false, deceptive, misleading, and unfair.

37. Letters that lack a date make them appear to be illegitimate.

38. Letters that make no sense and hide information and dates appear fraudulent.

39. Plaintiff relied upon the statements in the Letter and was unable to discern much of the information about the alleged debt, and therefore its enforceability.

40. Because she was unable to ascertain this from the Letter, Plaintiff was unable to make payment thereon.

41. Plaintiff was unable to evaluate the debt being collected.

42. Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

43. Plaintiff was therefore unable to make payment on the debt.

44. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

45. Plaintiff was therefore left with less funds with which to pay off this debt.

46. Defendant's conduct prevented Plaintiff from exercising her rights with respect to the alleged debt, had Defendant's letter not been improper.

47. Plaintiff was unable to properly respond as it would have been unreasonable to expect Plaintiff to pay some or all of this debt when the Letter demanding payment was misleading and potentially false.

48. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

49. Because of Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

50. Plaintiff also expended time and money trying to determine much of the missing and incoherent information in the Letter.

51. She spent this trying to determine the propriety of this collection.

52. She spent this trying to determine the missing amounts.

53. She spent this trying to determine the missing dates.

54. She spent this trying to decipher the misinformation in the Letter

55. She spent this trying figure out if the Letter was a scam or whether it was based upon legitimate efforts to collect a debt.

56. She spent this trying to figure out by when she must dispute the debt.

57. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

58. Plaintiff suffered from the fear, anxiety, and stress associated with the possibility that she was the target of fraudulent collection efforts.

59. Plaintiff suffered from fear, anxiety, and stress, as it appeared that someone was fraudulently targeting her with fraudulent collection efforts.

60. Plaintiff suffered from fear, anxiety, and stress, as the Letter seemed to be collecting on an unenforceable debt.

61. Plaintiff suffered from fear, anxiety, and stress, as the Letter was incoherent.

62. Plaintiff suffered from fear, anxiety, and stress, as the Letter was harassing.

63. Plaintiff suffered from fear, anxiety, and stress, as she did not know by when she was required to dispute the debt.

64. Plaintiff also disputes the amount of this alleged debt.

65. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

66. The harms caused by Defendant has a close relationship to harms traditionally recognized as providing a basis for a claim under federal law.

67. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

68. Defendant showed a reckless disregard for causing Plaintiff to suffer from emotional stress.

69. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

70. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

71. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

72. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

73. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

74. Plaintiff also suffered an informational injury.

75. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

76. As described above, Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

77. As described above, Plaintiff would have pursued a different course of action were it not for Defendant's violations.

78. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

79. Plaintiff repeats the above allegations as if set forth here.

80. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

81. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

82. Defendant violated said section as described above in violation of §§ 1692e, 1692e (10), 1692e (2).

83. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

84. Plaintiff repeats the above allegations as if set forth here.

85. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

86. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

87. Defendant violated this section in violation of §§ 1692f and 1692f(1) as described above.

88. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq*

89. Plaintiff repeats the above allegations as if set forth here.

90. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

91. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must identify the amount of the debt.

92. Defendant violated this section by failing to clearly provide the amount of the debt and the timeline for disputing the debt and for requesting the name of the creditor, as described above.

93. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

94. Plaintiff repeats the above allegations as if set forth here.

95. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

96. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

97. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

98. Defendant violated said section, as described above, in violation of § 1692d.

99. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

100. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Erica Peak, individually and on behalf of all others similarly situated, demands judgment from Defendant Southwest as follows:

   i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

   ii. Awarding Plaintiff and the Class statutory damages;

   iii. Awarding Plaintiff and the Class actual damages;

   iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v. Awarding pre-judgment interest and post-judgment interest; and

   vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 17, 2022                    Respectfully submitted,

                                        **Garibian Law Offices, P.C.**

                                        s/ Antranig Garibian
                                        By: Antranig Garibian, Esq.
                                        1010 N. Bancroft Pkwy, Suite 22
                                        Wilmington, DE 19805
                                        (302) 722-6885
                                        ag@garibianlaw.com

                                        *Attorneys for Plaintiff*